IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRANKIE BRYANT, Individually, and as :
the ADMINISTRATOR OF THE ESTATE :
OF JACQUELINE R. BRYANT, :
                                 :
      Plaintiffs,                     :     CIVIL ACTION NO.:
                                   :
VS.                               :
                                   :
THE UNITED STATES OF AMERICA, :
                                   :
      Defendant.                   :
_____ :

## COMPLAINT FOR DAMAGES

COME NOW, Frankie Bryant, Individually, and as the Administrator of the Estate of Jacqueline R. Bryant, Plaintiffs in the within action, and respectfully shows the Court the following facts:

## PARTIES, JURISDICTION, AND VENUE

1.

Jacqueline R. Bryant was a veteran of the United States Army.

2.

Jacqueline R. Bryant died on January 1, 2021.

3.

Frankie Bryant has been duly appointed as the Administrator of the Estate of Jacqueline R. Bryant. The Letters of Administration issued by the Probate Court of Peach County, Georgia are attached hereto as Exhibit A.

4.

This is an action brought pursuant to the Federal Tort Claims Act.

5.

Jacqueline R. Bryant's claims were timely presented to the Department of Veterans Affairs (hereafter "VA").

6.

The VA acknowledged Jacqueline R. Bryant's claims, but subsequently denied her claims in their letter dated March 9, 2021. A copy of that letter is attached hereto as Exhibit B.

7.

Therefore, this action is timely commenced.

8.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346(b) (Federal Tort Claims Act) and 28 U.S.C. § 1331 (Federal Question).

9.

The acts and omissions that are the subject of this action occurred at the Carl Vinson VA Medical Center in Dublin, Georgia (hereafter "VAMC").

10.

Jacqueline R. Bryant resided in Peach County, Georgia before her death and the Estate of Jacqueline R. Bryant is established in Peach County, Georgia. The Administrator of her estate resides in Houston County, Georgia. No real property is involved in this action. Therefore, venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(e)(1)(C).

## FACTUAL ALLEGATIONS

11.

Jacqueline R. Bryant served with distinction in the United States Army and was honorably discharged.

12.

After her discharge, and because she was a veteran, Jacqueline R. Bryant received her primary medical care through the Veterans Administration, including the VAMC in Dublin, GA.

13.

Jacqueline R. Bryant's primary care provider during the relevant time period was Michelle Kotcella, FNPC.

14.

As documented in her medical records, Jacqueline R. Bryant began contacting the VAMC on June 27, 2019, concerning problems in her left arm.

15.

Jacqueline R. Bryant called the VAMC on June 27, 2019, and complained of tingling, pain, and numbness in her left arm.

16.

On July 1, 2019, Jacqueline R. Bryant called the VAMC again and complained that the fingertips in her left hand had a burning sensation.

17.

On July 3, 2019, Mrs. Bryant called the VAMC and reported that her left fingertips were turning blue and that she had sought emergency medical care for the problem.

18.

Michelle Kotcella, FNPC acknowledged the medical note confirming that she had been informed that Jacqueline R. Bryant was experiencing blue fingertips and reports of other problems in her left hand.

19.

On July 5, 2019, Jacqueline R. Bryant reported to VAMC and met in person with Michelle Kotcella, FNPC.

20.

Michelle Kotcella, FNPC confirmed that she had received the emergency medical care information from Jacqueline R. Bryant's treatment on July 3, 2019.

21.

Michelle Kotcella, FNPC also spoke to Jacqueline R. Bryant and did a physical exam during this office visit.

22.

Michelle Kotcella, FNPC found that Jacqueline R. Bryant was having numbness in her left fingers and that the temperature of Jacqueline R. Bryant's left hand was notably cooler than her right hand.

23.

Michelle Kotcella, FNPC failed to properly diagnose and identify the source of Jacqueline R. Bryant's problems with her left arm and hand.

24.

Michelle Kotcella, FNPC concluded the office visit without properly testing and/or investigating the source of Jacqueline R. Bryant's problems, including her numbness, pain, coolness, and complaints of blue fingers.

25.

Michelle Kotcella, FNPC also did not provide a referral or transfer to a vascular specialist nor admit to the hospital for further immediate evaluation and treatment.

26.

On July 8, 2019, Jacqueline R. Bryant was still having pain and problems with her left arm and hand. She reported to a private hospital where she was admitted.

27.

Jacqueline R. Bryant was soon after diagnosed with three blood clots in her left wrist that had gone undiagnosed by Michelle Kotcella, FNPC and the physicians, nurses, and supporting personnel at the VAMC.

28.

On July 17, 2019, Jacqueline R. Bryant's left arm was amputated at or near the elbow.

29.

The care provided to Jacqueline R. Bryant at VAMC concerning her left arm and hand complaints was below the standard of care owed to patients such as Jacqueline R. Bryant.

30.

As alleged herein, various personnel at VAMC, including Michelle Kotcella, FNPC, were negligent in the medical care and treatment of Jacqueline R. Bryant.

31.

Michelle Kotcella, FNPC and other physicians, nurses, and other supporting personnel at VAMC, breached the applicable medical standard of care and were negligent in their care of Jacqueline R. Bryant in, at least, the following particulars:

      a.  Failing to properly notify emergency providers of Jacqueline R. Bryant's report of blue fingers on her left hand on July 3, 2019;

      b.  Being inattentive in the care provided to Jacqueline R. Bryant;

      c.  Not properly assessing the blood flow in Jacqueline R. Bryant's left hand;

    d.   Realizing that Mrs. Bryant's left and right hands differed in temperature, but failing to adequately investigate the indicated blood flow problem;

    e.   Failing to order the appropriate and necessary tests and radiographic exams, such as an arterial ultrasound;

    f.   Failing to timely evaluate her continued complaints of problems with her left arm and hand;

    g.   Failing to diagnose the clear arterial insufficiency she was experiencing and obtain timely and appropriate treatment; and

    h.   Failing to timely refer her to a vascular specialist and/or admit her to the hospital.

32.

The acts and omissions resulted in an inexcusable delay in the diagnosis and treatment of the blood clots in Jacqueline R. Bryant's left wrist, at a time these medical problems were curable, thus failing to meet the appropriate and applicable standards of care.

33.

Michelle Kotcella, FNPC and other physicians, nurses, and supporting personnel at VAMC were otherwise negligent as shown in the evidence in this case.

34.

Had Michelle Kotcella, FNPC and other physicians, nurses, and supporting personnel at VAMC met the standard of care and timely diagnosed and treated Jacqueline R. Bryant, her left arm would have been saved. Therefore, as a proximate result of the negligence of VAMC, Jacqueline R. Bryant was injured, suffered severe physical and mental pain and suffering, and permanent injury, including the amputation of a large portion of her left arm.

35.

As a result of the negligence of VAMC, including Michelle Kotcella, FNPC, physicians, nurses, and supporting personnel, Jacqueline R. Bryant incurred economic damages.

36.

An appropriate amended complaint will be filed itemizing the economic damages incurred by Jacqueline R. Bryant.

37.

Defendant The United States of America is liable for the injuries and damages suffered and incurred as a result of the conduct of its employees and/or agents including but not limited to Michelle Kotcella, FNPC who was acting in the scope and course of her employment or agency with the United States of America at all relevant times.

38.

An affidavit from Adam Friedlander, M.D. is attached hereto as Exhibit C setting forth at least one negligent act or omission claimed to exist and the factual basis for each such claim in compliance with O.C.G.A. § 9-11.9.1.

39.

Jacqueline R. Bryant was married to Plaintiff Frankie Bryant, and she was married to him before to the date of the incident giving rise to this lawsuit.

40.

As a result of Defendant The United States of America's negligence, Plaintiff Frankie Bryant was caused to suffer loss of consortium, conjugal fellowship, and detriment to their marital relationship for which compensation is allowed under law.

41.

Plaintiffs Estate of Jacqueline R. Bryant and Frankie Bryant are entitled to recover all economic and non-economic human losses, sustained as a direct and proximate result of Defendant The United States of America's negligence.

WHEREFORE, Frankie Bryant, Individually, and as the Administrator of the Estate of Jacqueline R. Bryant demand and pray as follows:

a. That judgment be entered against Defendant in an amount sufficient to compensate for the special and general damages incurred as the result of Jacqueline R. Bryant's injuries, including pain and suffering;

b. That the costs of this action be taxed against Defendant; and,

c. That Plaintiffs have such other and further relief as the Court deems appropriate under the circumstances.

/s/ Philip R. Potter
PHILIP R. POTTER
Ga. State Bar No.: 390528
Attorney for Plaintiffs


/s/ Nathaniel E. Edmonds
NATHANIEL E. EDMONDS
Ga. State Bar No.: 811856
Attorney for Plaintiffs

WESTMORELAND, PATTERSON, MOSELEY & HINSON, LLP
577 Mulberry Street, Suite 600
Fickling Bank Building
Post Office Box 1797
Macon, GA. 31202-1797
Phone: (478) 745-1651
Fax:    (478) 745-3208

<u>PLEASE SERVE DEFENDANTS, AS FOLLOWS:</u>

The United States of America
c/o Peter D. Leary, U.S. Attorney
Middle District of Georgia, Macon Division
300 Mulberry Street, Fourth Floor
Macon, Georgia 31201
*<u>Via Personal Service and Certified Mail,</u>*
*<u>Return Receipt Requested</u>*


Merrick B. Garland, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
*<u>Via Certified Mail,</u>*
*<u>Return Receipt Requested</u>*


Denis R. McDonough, Secretary,
Department of Veterans Affairs
810 Vermont Avenue, NW
Washington, DC 20420
*<u>Via Certified Mail,</u>*
*<u>Return Receipt Requested</u>*


Ronnie Smith, Director
Carl Vinson VAMC
1826 Veterans Blvd.
Dublin, GA 31021
*<u>Via Certified Mail,</u>*
*<u>Return Receipt Requested</u>*